LIVELY *v.* DARBY.

No. 8542. OCTOBER 15, 1931.

*Saffold, Sharpe & Saffold,* for plaintiff.

*B. P. Jackson,* for defendant.

GILBERT, J. Lively, a citizen and taxpayer of the City of Vidalia, instituted quo warranto proceedings to inquire into the right of Darby to hold the office of mayor, to which he was elected on the second Wednesday in December, 1929. The charter of Vidalia (Ga. Laws 1922, p. 1009) prescribes as a qualification of the elective officers of the city, including the mayor, that they shall be "at the time of their election . . qualified voters of said city." The specific cause of disqualification alleged against Darby was that he had not, as required by the constitution (Civil Code (1910), § 6397), paid, six months prior to his election, "all taxes

which may have been required of him since the adoption of the constitution of Georgia of 1877 that he may have had an opportunity of paying agreeably to law;" that State and county taxes due by Darby for 1928, in an amount stated, were not paid in accordance with this requirement; that therefore he was not, at the time of election, a qualified voter, and consequently was ineligible for the office mentioned. The petition alleges a provision of the charter, that, upon registering as required in the charter, any person "shall be a qualified voter as long as he remains a citizen of the said city . . and pays all taxes required of him by the said City of Vidalia, or of the State of Georgia, and is otherwise legally qualified to register in any general elections in the State of Georgia." The respondent denied the averments of disqualification. When the petitioner had, on the trial of the case, concluded the introduction of evidence, the court, on motion of the respondent, granted a nonsuit, and the petitioner excepted.

The only questions for consideration are whether the State and county taxes of Darby for 1928 had been paid; and if so, whether this had been done in accordance with the constitutional provision mentioned. On these questions, the proof is, in effect: On April 16, 1929, at the request of Darby, the clerk of the county commissioners, issued several county warrants, some of which were payable to Darby, and some to corporations and partnerships which he owned or controlled, and on that day these warrants were delivered to the tax-collector of the county to be applied on Darby's taxes. The tax-collector accepted the warrants in payment of the 1928 taxes. He had been authorized by the county commissioners to accept county warrants in payment of taxes, and it was the custom to do so. There was at all times between April 16 and December 27, 1929, money on hand in the county treasury with which the warrants could have been lawfully paid. The warrants were held by the tax-collector until August 26, 1929, when they were endorsed by Darby, and on December 27, 1929, payment of them was obtained by the tax-collector. Interest on the amount of the tax was collected to August 26, 1929. The receipt was issued on that date, but the copy of the receipt appearing in the record does not carry any date.

The facts just stated being the only evidence on the question, the court was authorized to find that the taxes in question were

paid by Darby on April 16, 1929. The tax-collector, under the evidence, accepted the county warrants by the authority of the county commissioners, who have in charge the fiscal affairs of the county. No question as to the legality of the payment has been raised by the county. It appears that at all times from the acceptance of the warrants until the payment thereof there was money on hand in the county treasury with which the warrants could have been lawfully paid. In these circumstances it can not be held that Darby had not paid the State and county taxes. As to taxes for 1929, the year in which the municipal election occurred, the taxpayer has until six months before the election in 1930 for members of the General Assembly, in which to make payment.

*Judgment affirmed. All the Justices concur.*